IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONCIERGE COMPOUNDING ) <br> PHARMACEUTICALS, INC. ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> EXPRESS SCRIPTS, INC., ) <br> ) <br> Defendant. ) <br> _____ ) | Civil Action No. 15-37-RGA |

**MEMORANDUM ORDER**

On January 13, 2015, Plaintiff Concierge Compounding Pharmaceuticals filed its complaint for damages and injunctive relief against Defendant Express Scripts, alleging that Express was improperly terminating Concierge from Express' network of pharmacies. (D.I. 3). On the same day, Concierge moved for a temporary restraining order and preliminary injunction. (D.I. 2). This Court set January 16, 2015, as the date for a hearing on the motion, while denying the requested TRO "in the interim." (D.I. 8). On January 16, a few hours before the scheduled hearing, Concierge withdrew its application for a temporary restraining order and preliminary injunction. (D.I. 17). On January 20, 2015, Defendant filed a motion for attorney's fees due to Plaintiff's application for emergency relief. (D.I. 19).

The Supreme Court has recognized that courts have the inherent power to award attorney's fees. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). The inherent power to award attorney's fees is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 43 (citations and internal quotation marks omitted). The Court recognized three

categories for when attorney's fees should be awarded, but only one is relevant to this case: "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 45-46 (citations and internal quotation marks omitted). But "inherent powers must be exercised with restraint and discretion." *Id.* at 44 (citation omitted). As the Third Circuit has explained, "a district court must ensure that there is an adequate factual predicate for flexing its substantial muscle under its inherent powers, and must also ensure that the sanction is tailored to address the harm identified." *Republic of Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 74 (3d Cir. 1994).

Defendant has provided two reasons for this Court to use its inherent power and award attorney's fees. First, Plaintiff "attempted to commit a fraud on the Court" and violated District of Delaware Local Rule 3.1 by not identifying that these parties had already been involved in extremely similar litigation in this Court. (D.I. 20 at 1). Second, Plaintiff filed for emergency relief on grounds that this Court had already resolved against it in previous litigation. (*Id.*).

Plaintiff responded to Defendant's claims, first, by arguing Plaintiff had no intention of hiding the previous litigation from the Court. (D.I. 23 at 3). Plaintiff knew that it would be necessary to review the prior litigation to understand this new case. (*Id.*). Second, Plaintiff claims that this case revolves around a different issue than the previous litigation that has not been decided by this Court. (*Id.* at 4). The present case involves whether "TRICARE" claims will continue to be paid as an out-of-network pharmacy which was not part of the previous litigation. (*Id.*). Therefore, Plaintiff was not wrong for filing an application for emergency relief, and this Court should not award attorney's fees. (*Id.* at 7).

As to Defendant's first argument, there is no disputing the fact that Plaintiff did not indicate to the Court that these same parties had been involved in extremely similar previous

2

litigation, and that this failure to do so was not in compliance with the local rules. Nevertheless, I do not think Plaintiff's attorneys acted intentionally or in bad faith. A much more likely explanation is unfamiliarity with our procedures. Plaintiff's Delaware counsel have little experience in this Court.[1] Furthermore, there could have been no doubt that the previous litigation would come to light sooner rather than later. Therefore, Plaintiff's attorneys' error in not indicating that there had been prior litigation does not begin to reach the requisite level to award attorney's fees.

As to Defendant's second argument that Plaintiff sought emergency relief on grounds already decided by this Court, this presents a closer question. That is not to say that Plaintiff's new case will succeed, or even survive summary judgment, but that is not the standard for this Court to use in deciding whether to impose sanctions pursuant to its inherent power. The question is whether Plaintiff "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers*, 501 U.S. at 45-46. Plaintiff seemed to have some question as to whether Defendant would continue to process TRICARE claims with Plaintiff as an out-of-network pharmacy. After the application was filed, and before the hearing took place, both sides' attorneys discussed whether TRICARE claims would be processed. (D.I. 24, Exhibits B and C). The correspondence showed a concern that Defendant would not continue to process TRICARE claims as an out-of-network pharmacy. Once Defendant provided Plaintiff with assurances that Defendant would continue to process TRICARE claims as an out-of-network pharmacy, Plaintiff withdrew its application. The fact that Plaintiff withdrew its application once defense counsel

---

[1] Senior Delaware counsel for Plaintiff lists twelve "representative" cases on his website. Only one of them is listed as having any "federal district court" involvement, and that appears to have occurred only because cases were removed from state court to federal court.

3

gave the assurances supports Plaintiff's argument that Plaintiff had a real concern regarding the servicing of TRICARE claims.

To rebut this, Defendant argues that Plaintiff's counsel is sophisticated in healthcare and pharmaceutical law and should have "understood the difference between in-network (contracted) and out-of-network (non-contracted) pharmacies…" (D.I. 25 at 6). This very well may be true. But for this Court to award attorney's fees, there needs to be conduct rising to the level of bad faith. Even assuming that Plaintiff's counsel understood and knew about the in-network and out-of-network distinction, which I expect is the case, Plaintiff's conduct does not reach the level necessary to award attorney's fees.[2] In other words, Plaintiff has not "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Therefore, this Court will not exercise its inherent power to award attorney's fees.

The motion for attorney's fees (D.I. 19) is **DENIED**.

IT IS SO ORDERED this 16th day of April, 2015.

Richard G. Andrews
United States District Judge

---

[2] I also acknowledge that the complaint (as opposed to the correspondence between the attorneys) does not raise the in-network/ out-of-network issue, but I do believe there was a real dispute between the parties on this issue.

4